UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMPOS-RODRIGUEZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DAGOSTINI, et al.,<br><br>　　　　　　Defendants. | No. 2:17-cv-1448 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a county inmate proceeding pro se with an action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants violated his right of access to the court by failing to provide him with adequate law library facilities. (ECF No. 1.) Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 5), complaint for screening (ECF No. 1), motion to appoint counsel (ECF No. 6), and motion for preliminary injunction (ECF No. 10).

**MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C.§§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.      Does Plaintiff State a Cognizable § 1983 Claim?**

**A. Allegations in the Complaint**

Plaintiff names as defendants (1) Sheriff John Dagostini; (2) Sheriff Captain Noren; (3) Lieutenant Green; and (4) Sergeant Bedford all employed at the El Dorado County Jail. Plaintiff claims defendants denied him access to the courts in violation of his First and Fourteenth Amendment rights by failing to provide him with adequate law library facilities. Plaintiff also states that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment because inmates using the law library are placed in a room for hours without access to a restroom.

Plaintiff states the "dysfunctional law library and denial of basic necessities" caused him an injury; however, he does not specify what injury he incurred as a result of defendants actions. Plaintiff requests monetary damages and an injunction ordering defendants to create a plan for an adequate law library.

**B. Access to the Courts**

**1. Legal Standards**

Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011), overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). The right is limited to bringing complaints to federal court in direct criminal appeals, habeas petitions, and civil rights actions. Lewis v. Casey, 518 U.S. 343, 354 (1996). It is not a right to discover such claims or to litigate them effectively once filed with a court. Id. at 354-55. A plaintiff must show that he suffered an "actual injury," i.e. prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Id. at 348-49. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

The prison is required to provide inmates access to a law library that meets minimum constitutional standards. Lindquist v. Idaho State Bd. Of Corrections, 776 F.2d 851, 856 (9th Cir. 1985). However, inmates do not have "an abstract, freestanding right to a law library or legal assistance," and "cannot establish relevant actual injury simply by establishing that [the] prison's law library or legal assistance program is subpar in some theoretical sense." Lewis, 518 U.S. at 351. The right to litigation assistance "is limited to the tools prisoners need 'in order to attack their sentences, [either] directly or collaterally, and in order to challenge the conditions of their confinement.'" Silva, 658 F.3d at 1102 (quoting Lewis, 518 U.S. at 355).

**2. Analysis**

In order to state a cognizable claim, plaintiff must demonstrate that his ability to pursue a non-frivolous legal claim has been frustrated or impeded. Plaintiff alleges that the law library is "dysfunctional" and "inadequate," but does not state in what ways the library is inadequate.

However, general, non-specific allegations of inadequacy are not sufficient to state a claim. To state a claim, plaintiff must show how the alleged inadequacies have "hindered his efforts to pursue a legal claim." Lewis, 518 U.S. at 351. An inmate can show he was denied access to the courts by alleging that (1) the omission of law books was substantial, (2) equivalent information was not available through alternative sources, or (3) the omission in some way obstructed the inmate's access to the courts. See Johnson v. Moore, 948 F.2d 517, 521 (9th Cir. 1991).

Because he has not stated any facts explaining how the law library is inadequate or how he was injured by the deficiencies of the law library, plaintiff has not stated a cognizable claim for denial of his right of access to the courts. The court will give plaintiff leave to amend this claim.

### C. Eighth Amendment[1]

#### 1. Legal Standards

To comply with the Eighth Amendment's prohibition against cruel and unusual punishment, a prison must provide prisoners with "adequate food, clothing, shelter, sanitation, medical care, and personal safety." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982) (citation omitted) abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred[, and] 'the more basic the need, the shorter the time it can be withheld.'" Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting Hoptowit, 682 F.2d at 1259). To establish defendants violated his right to humane conditions of confinement, plaintiff must show that: (1) the jail officials "kn[ew] of and disregard[ed] an excessive risk to [his] health and safety," Farmer v. Brennan, 511 U.S. 825, 837 (1994), and (2) the alleged deprivation was "sufficient serious." See Wilson v. Seiter, 501 U.S. 294, 298 (1991). As to the second component, jail conditions may be "restrictive and even harsh"

---

[1] It is unclear from the face of plaintiff's complaint whether plaintiff is a pretrial detainee or is serving time in jail for a conviction. However, the analysis regarding cruel and unusual punishment is the same. See Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998) ("Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims.").

5

without violating constitutional rights. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[O]nly those deprivations denying the minimal civilized measure of life's necessities . . . are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson, 501 U.S. at 298 (internal quotation marks omitted).

### 2. Anaylsis

Plaintiff alleges defendants violated his rights by placing him in the law library without access to a restroom. Without more, plaintiff's claim of a temporary deprivation is not sufficient to state a cognizable Eighth Amendment claim.

Temporary deprivation of access to a toilet can rise to the level of an Eighth Amendment violation. Hope v. Pelzer, 536 U.S. 730, 738 (2002) (preventing inmate from using toilet for 7 hours while handcuffed to a hitching post contributed to Eighth Amendment violation); Johnson, 217 F.3d at 730, 733 (complete absence of toilet facilities for one day could violate the Eighth Amendment). However, "toilets can be unavailable for some period of time without violating the Eighth Amendment." Id.; accord Gunn v. Tilton, No. 08-cv-1039 PHX SRB, 2011 WL 1121949, at *3 (E.D. Cal. Mar. 23, 2011) (depriving inmate of access to a restroom for up to two hours did not violate the Eighth Amendment).

The complaint states he was placed in the law library without access to a bathroom for "hours." (ECF No. 1 at 7.) At this point, plaintiff has not provided the court with sufficient information to determine whether plaintiff has stated a cognizable claim for denial of his right to be free from cruel and unusual punishment. In order to state a claim for violation of the Eighth Amendment based on denial of access to a bathroom plaintiff must provide the court with more specific information regarding the length and circumstances of the denial. Accordingly, the court will dismiss plaintiff's complaint with leave to amend.

### MOTION TO APPOINT COUNSEL

Plaintiff filed a motion to appoint counsel arguing he is unable to afford counsel, the issues in this case are complex, he has attempted to find an attorney, the law library is inadequate, and that the court should appoint counsel to protect his interests in this matter. (ECF No. 6.)

////

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. While plaintiff alleges the law library is inadequate, in his various filings he cites to sections of the United States Code and relevant case law. Accordingly, the court does not find the required exceptional circumstances to appoint counsel at this time.

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff requests an injunction ordering defendants to stop preventing plaintiff from making legal and/or confidential copies. (ECF No. 10.) Plaintiff claims he needs copies at this time in order to find a lawyer to represent him in the case and the inability to make copies prevents him from finding a lawyer to represent him.

**I. Legal Standards**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Carribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the

public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[2]

////

---

[2] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 16519(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

Further, preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not attempt to determine the rights of persons not before the court.").

## II. Analysis

At the pleading stage, the court is not in a position to determine questions of the claim's merit which require submission of evidence, versus only a determination as to whether a claim has been plausibly stated. Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008). Here, plaintiff has not stated a potentially cognizable claim for relief, therefore the court cannot make a determination regarding plaintiff's likelihood of success on the merits. Further, plaintiff is informed that a denial of free photocopying does not amount to a denial of access to the courts. See Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir. 1990) overruled on other grounds by Lewis, 518 U.S. at 350-55 ("numerous courts have rejected any constitutional right to free and unlimited photocopying"). Accordingly, the court will recommend plaintiff's motion for preliminary injunction be denied.

## AMENDING THE COMPLAINT

As set out above, plaintiff fails to state a cognizable claim. Plaintiff will be given the opportunity to amend the complaint.

Plaintiff is informed he must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must also allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

////

////

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the actions that defendant took that violated his constitutional rights. The court is not required to view exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Duffy, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 5) is granted;
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with the court's order to the El Dorado County Sheriff filed concurrently herewith.
3. Plaintiff's complaint is dismissed with leave to amend.
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." If plaintiff fails to file an amended complaint, this court may recommend dismissal of this action.
5. Plaintiff's motion for the appointment of counsel (ECF No. 6) is denied without prejudice.
6. The Clerk of the Court is directed to randomly assign this matter to a District Judge.

IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary injunction (ECF No. 10) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections.

////
////
////
////

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 2, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/camp1448.scrn

12